**FILED**
January 03, 2023 03:00 PM
SX-2021-CR-00073
**TAMARA CHARLES**
**CLERK OF THE COURT**



**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| PEOPLE OF THE VIRGIN ISLANDS,<br><br>Plaintiff,<br><br>vs.<br><br>TA'JHANIQUE CUMBERBATCH,<br><br>Defendant. | SX-2021-CR-073 |
| PEOPLE OF THE VIRGIN ISLANDS,<br><br>Plaintiff,<br><br>vs.<br><br>SHARIF MATTHEW,<br><br>Defendant. | SX-2021-CR-075 |
| PEOPLE OF THE VIRGIN ISLANDS,<br><br>Plaintiff,<br><br>vs.<br><br>SHARIF MATTHEW,<br><br>Defendant. | SX-2021-CR-214 |

**CITE AS: 2023 VI SUPER 1**

**Appearances:**
**Patricia Pryor, Esq.**
Virgin Islands Department of Justice
St. Croix, U.S. Virgin Islands
*For the People of the Virgin Islands*

**Howard Phillips, Esq.**
Andrew C. Simpson, P.C.
St. Croix, U.S. Virgin Islands
*For Sharif Matthew*

**Scott Burton, Esq.**[1]
Dudley Newman Feuerzeig
St. Croix, U.S. Virgin Islands
*For Ta'Jhanique Cumberbatch*

---

[1] On December 22, 2022, an order was entered appointing Scott Burton, Esq. as counsel of record for Defendant Ta'Jhanique Cumberbatch.

*People of the V.I. v. Cumberbatch*
*People of the V.I. v. Matthew*
*People of the V.I. v. Matthew*
SX-2021-CR-073, SX-2021-CR-075, SX-2021-CR-214
**Memorandum Opinion and Order**
Page 2 of 12

2023 VI SUPER 1

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Senior Sitting Judge**

¶ 1    **THIS MATTER** came before the Court on the People of the Virgin Islands' (hereinafter "People") motion to consolidate the following cases: *People of the V.I. v. Cumberbatch* (Case No. SX-2021-CR-073), *People of the V.I. v. Matthew* (Case No. SX-2021-CR-075), and *People of the V.I. v. Matthew* (Case No. SX-2021-CR-214).[2]

### BACKGROUND

¶ 2    On March 10, 2021, the People filed an information against Defendant Ta'jhanique Cumberbatch (hereinafter "Cumberbatch") based on the events that allegedly took place in March 2021 as set forth in the affidavit of Police Detective Aisha Jules of the Virgin Islands Police Department (hereinafter "Detective Jules"), dated March 10, 2021. The information charged Cumberbatch with the following counts in Case No. SX-2021-CR-073: Count I-murder in the first degree, in violation of Title 14 V.I.C. § 922(a)(1); Count II-murder in the first degree, in violation of Title 14 V.I.C. § 922(a)(2); Count III-assault in the first degree, in violation of Title 14 V.I.C. § 295(1); Count IV-assault in the third degree, in violation of Title 14 V.I.C. § 297(a)(2), (3), & (4); Count V-unauthorized possession of a firearm during a crime of violence, in violation of Title 14 V.I.C. § 2553(a); Count VI-unauthorized possession of a firearm in vehicle, in violation of Title 14 V.I.C. § 2553(e); Count VII-discharging or aiming firearms, in violation of Title 23 V.I.C. § 479(a); Count VIII-possession of ammunition, in violation of Title 14 V.I.C. § 2256(a); and Count IX-conspiracy, in violation of Title 14 V.I.C. § 551(1).

---

[2] For clarity, the Court will address the cases by their respective case numbers.

*People of the V.I. v. Cumberbatch*
*People of the V.I. v. Matthew*
*People of the V.I. v. Matthew*
SX-2021-CR-073, SX-2021-CR-075, SX-2021-CR-214
**Memorandum Opinion and Order**
Page 3 of 12

2023 VI SUPER 1

¶ 3     On March 12, 2021, the People filed an information against Defendant Sharif Matthew (hereinafter "Matthew") based on the events that allegedly took place in March 2021 as set forth in the affidavit of Detective Jules, dated March 12, 2021. The information charged Matthew with the following count in Case No. SX-2021-CR-075: Count I-possession of ammunition, in violation of Title 14 V.I.C. § 2256(a).

¶ 4     On September 17, 2021, the People filed an information against Matthew based on the events that allegedly took place in March 2021 as set forth in the affidavit of Detective Jules, dated September 14, 2021. The information charged Matthew with the following count in Case No. SX-2021-CR-214: Count I-murder in the first degree, in violation of Title 14 V.I.C. § 922(a)(1); Count II-assault in the first degree, in violation of Title 14 V.I.C. § 295(1); Count III-assault in the third degree, in violation of Title 14 V.I.C. § 297(a)(2); Count IV-assault in the third degree, in violation of Title 14 V.I.C. § 297(a)(4); Count V-unauthorized possession of a firearm during a crime of violence, in violation of Title 14 V.I.C. § 2553(a); Count VI-unauthorized possession of a firearm in vehicle, in violation of Title 14 V.I.C. § 2553(e); Count VII-discharging or aiming firearms, in violation of Title 23 V.I.C. § 479(a); Count VIII-possession of ammunition, in violation of Title 14 V.I.C. § 2256(a); and Count IX-conspiracy, in violation of Title 14 V.I.C. § 551(1).

¶ 5     On February 7, 2022, the People filed this instant motion to consolidate. In response, Matthew filed an opposition thereto in both Case No. SX-2021-CR-075 and Case No. SX-2021-CR-214. Cumberbatch has not any opposition in Case No. SX-2021-CR-073.[3]

---

[3] The Office of Territorial Public Defender was initially appointed to represent Cumberbatch and was counsel of record when the People filed its motion to consolidate. However, there were several substitutions of counsel for Cumberbatch since the People filed its motion to consolidate:

On March 8, 2022, the Office of Territorial Public Defender filed a motion to be relieved as counsel, which the Court subsequently granted by order on March 14, 2022, and it was relieved as counsel for Cumberbatch.

*People of the V.I. v. Cumberbatch*
*People of the V.I. v. Matthew*
*People of the V.I. v. Matthew*
SX-2021-CR-073, SX-2021-CR-075, SX-2021-CR-214
**Memorandum Opinion and Order**
Page 4 of 12

**2023 VI SUPER 1**

¶ 6    Case No. SX-2021-CR-073 and Case No. SX-2021-CR-075 are currently scheduled to commence jury selection and trial on January 23, 2023; Case No. SX-2021-CR-214 has not been scheduled for jury selection and trial.

## DISCUSSION

¶ 7    In its motion, the People moved to consolidate Case No. SX-2021-CR-073, Case No. SX-2021-CR-075, and Case No. SX-2021-CR-214 pursuant to Rule 8 and Rule 13 of the Virgin Islands Rules of Criminal Procedure (hereinafter "Rule 8" and "Rule 13," respectively). (Motion 2.) The People made the following assertions in support of its motion: (i) Cumberbatch and Matthew "have been charged with identical charges stemming from the same incident and involving the same victim and evidence." (Id.); (ii) "The decision was made to charge Defendant Cumberbatch with the majority of the crimes before a decision was made to charge Defendant Matthew with them"— to wit, "Defendant Matthew was initially charged only with the Possession of Ammunition; however, further investigation led to the additional charges being placed against him." (Id., at 2-3); (iii) "The single charge in SX-21-CR-075 is possession of ammunition. The ammunition in question was discovered in a vehicle driven by Defendant Matthew while the Virgin Islands Police Department was investigating the murder charged in SX-21-CR-073 and SX-21-CR-214." (Id., at 3); (iv) "[T]he crimes charged in all three cases 'are of the same or similar character or are based

---

On March 16, 2022, an order was entered appointing Bruce Bennet, Esq. as counsel of record for Cumberbatch. On November 17, 2022, Bruce Bennet, Esq. filed a motion to be relieved as counsel, which the Court subsequently granted by order on November 17, 2022, and he was relieved as counsel for Cumberbatch.

On December 1, 2022, an order was entered appointing Kyle W. Beighle, Esq. as counsel of record for Cumberbatch. On December 13, 2022, Kyle W. Beighle, Esq. filed a motion to be relieved as counsel, which the Court subsequently granted by order on December 22, 2022, and he was relieved as counsel for Cumberbatch.

*People of the V.I. v. Cumberbatch*
*People of the V.I. v. Matthew*
*People of the V.I. v. Matthew*
SX-2021-CR-073, SX-2021-CR-075, SX-2021-CR-214
**Memorandum Opinion and Order**
Page 5 of 12

2023 VI SUPER 1

on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.'"[4] (Id.); and (v) "All three cases will involve the same facts, witnesses, and testimony.

¶ 8     In his opposition, Matthew argued that the Court should deny the People's motion to consolidate. Matthew made the following assertions in support of his argument:[5] (i) Matthew will suffer prejudice "if murder, and other evidence of violence, is presented in his possession of ammunition trial" and "he will also be prejudiced if a weak murder case is bolstered by an allegation of unlawful possession of 'similar' ammunition"—to wit, "facts related to the murder would be inadmissible under Rules 401, 404, and 403 if possession is tried separately (and vice versa)," consolidation may result in jury confusion, and "a limiting instruction will not remove the prejudice created if the murder evidence is presented to the jury deliberating on possession of ammunition." (Opp. 1, 4, 13-15, 17); (ii) "[T]he prosecution's murder case is speculative at best, and weak" and thus, "[i]f consolidated the murder charge would be unfairly bolstered by the possessing ammunition charge – which is arguably stronger [and] [t]here is viable danger that jurors would conflate the evidence so as to interpret the stronger possession of ammunition case and decide that – even though there is no gun in evidence – that Matthew had bullets and 'probably' shot the victim." (Id., at 4); (iii) "The possession and murder charges filed under different Informations should not be consolidated in a single Information under Rule 13" since "a trial courts' discretion to consolidate is tempered by the limitation that joinder in a single indictment

---

[4] The People referenced: V.I. R. CRIM. P. 8(a).

[5] In his opposition, Matthew noted that "[g]iven the skeletal nature of the prosecution's motion to consolidate the defense has had to anticipate prosecutorial arguments and may be compelled to move, in equity, for sur-rebuttal." (Opp. 1, n1.)

*People of the V.I. v. Cumberbatch*
*People of the V.I. v. Matthew*
*People of the V.I. v. Matthew*
SX-2021-CR-073, SX-2021-CR-075, SX-2021-CR-214
**Memorandum Opinion and Order**
Page 6 of 12

**2023 VI SUPER 1**

could have been proper"[6] and here, "[i]nstead of showing that the two informations could be tried together because they could have been properly joined in a single information the prosecution merely proffers, without elaboration, that the cases will involve the same facts, witnesses and testimony." (Id., at 5-6); (iv) Unlike what the People argued, "[t]he murder and possession charges require the prosecution to prove different elements with different witnesses and evidence"—to wit, "[t]he facts related to the possession charge are not the same to prove the murder charge" and the "witnesses related to the murder case (e.g., medical examiner, physicians, forensic and cell phone experts) cannot testify to the possession and vice versa." (Id., at 6); (v) "Consolidation under Rule 13 is permissible only if the doctrine of trial expediency 'may be effected without interference with substantial justice'"[7] (Id., at 5); (vi) "[N]otwithstanding the prosecution's unsupported claim otherwise the alleged constructive possession of ammunition (a nonviolent offense) and murder (the most violent offense) are not of the same or similar character; or based on the same act or transaction; or parts of a common scheme or plan" and therefore, should not be joined under Rule 8—to wit, "[t]he murder and possession cases are not the same class of offenses so as to justify consolidation," "[t]here is no "transactional nexus" between the boxes of ammunition seized from the gold Ford and the shell casings found near the victim's gate," and "[t]he constructive possession of ammunition charge stands on its own [and]…can be proven without reference to a murder." (Id., at 7-12); and (vii) "Common sense, fairness and jurisprudence dictate that a defendant's innocence or guilt should have priority over economic concerns." (Id., at 16.)

---

[6] Matthew referenced: *United States v. Rivera-Hernandez*, 439 F. Supp. 3d 20, 28 (D.P.R. 2020) (referencing the federal rule 13).

[7] Matthew referenced: *United States v. Halper*, 590 F.2d 422, 428–29 (2d Cir. 1978).

*People of the V.I. v. Cumberbatch*
*People of the V.I. v. Matthew*
*People of the V.I. v. Matthew*
SX-2021-CR-073, SX-2021-CR-075, SX-2021-CR-214
**Memorandum Opinion and Order**
Page 7 of 12

**2023 VI SUPER 1**

¶ 9    In this instance, the People essentially moved the Court to consolidate Case No. SX-2021-CR-073, Case No. SX-2021-CR-075, and Case No. SX-2021-CR-214 so that, instead of having three separate informations for the three cases, the People can file one amended information with all the counts charged against Cumberbatch and Matthew in the three cases pursuant to Rule 8; or alternatively, the People moved the Court to order the three informations in the three cases to be tried together pursuant to Rule 13.

### 1. Rule 8 and Rule 13

¶ 10    Rule 8 sets forth the requirements for joinder of offenses and defendants. It provides:

> (a) Joinder of Offenses.
> The information may charge a defendant in separate counts with two or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.
>
> (b) Joinder of Defendants.
> The information may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.
>
> V.I. R. Crim. P. 8.

Rule 13 sets forth the requirement for a joint trial of separate cases. It provides:

> The court may order that two or more informations be tried together if all defendants and offenses could properly have been joined in a single information, regardless of the number of defendants. In all other cases, with the consent of the persons charged, a judge may, for convenience, consolidate informations for trial.
>
> V.I. R. Crim. P. 13.

¶ 11    "There is a public interest in joint trials. They avoid time consuming and expensive trials. They also avoid recalling witnesses, conserve judicial resources and lessen the burden on jurors who must make sacrifices. Joint trial is the rule; severance is the exception which applies

*People of the V.I. v. Cumberbatch*
*People of the V.I. v. Matthew*
*People of the V.I. v. Matthew*
SX-2021-CR-073, SX-2021-CR-075, SX-2021-CR-214
**Memorandum Opinion and Order**
Page 8 of 12

2023 VI SUPER 1

where joinder of defendants yields such prejudice to a defendant as to deny him his fundamental right to a fair trial." *Gov't of the V.I. v. Petersen*, 1985 V.I. LEXIS 47, at \*3 (Terr. Ct. July 16, 1985); *see People v. Najawicz*, 2019 VI Super 66, ¶ 12 (Super. Ct. May 10, 2019) ("The People accurately point out that joint trials are the rule, rather than the exception, and that Najawicz bears the burden of demonstrating substantial prejudice from a joint trial.").

¶ 12   The Court will first address the joinder of offenses or joint trial for Matthew in Case No. SX-2021-CR-075 and Case No. SX-2021-CR-214, then the Court will address the joinder of defendants or joint trial for Cumberbatch in Case No. SX-2021-CR-073 and Matthew in Case No. SX-2021-CR-075 or Cumberbatch in Case No. SX-2021-CR-073 and Matthew in Case No. SX-2021-CR-214.

### A.   Joinder of Offenses or Joint Trial: Case No. SX-2021-CR-075 and Case No. SX-2021-CR-214

¶ 13   With regards to the issue of joinder of Matthew's offenses in Case No. SX-2021-CR-075 and Case No. SX-2021-CR-214 and the issue of joint trial for these two cases, the Court finds the People's motion regarding these issues perfunctory and made without any support to its arguments. The People never explained how the offenses Matthew was charged with in Case No. SX-2021-CR-075 and Case No. SX-2021-CR-214 "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan" so that the offenses may be combined into one single information pursuant to Rule 8(a)—to wit, in Case No. SX-2021-CR-075, the single-count information charged Matthew with possession of ammunition, in violation of Title 14 V.I.C. § 2256(a), based on a search Detective Jules conducted on a gold Ford Escape vehicle on March 10,

*People of the V.I. v. Cumberbatch*
*People of the V.I. v. Matthew*
*People of the V.I. v. Matthew*
SX-2021-CR-073, SX-2021-CR-075, SX-2021-CR-214
**Memorandum Opinion and Order**
Page 9 of 12

2023 VI SUPER 1

2021 pursuant to a search warrant issued on March 9, 2021 which revealed live ammunitions, (Jules Aff., March 12, 2021), and in Case No. SX-2021-CR-214, the eight-count information charged Matthew with various crimes based on the alleged illicit activities that occurred on March 2, 2021 resulting in Ian Benjamin, Sr.'s death, (Jules Aff., September 14, 2021). *See Simpson v. Golden*, 56 V.I. 272, 280 (V.I. 2012) ("The rules that require a litigant to brief and support his arguments ... before the Superior Court, are not mere formalistic requirements. They exist to give the Superior Court the opportunity to consider, review, and address an argument"). Additionally, the People never indicated that Matthew consented to a joint trial for Case No. SX-2021-CR-075 and Case No. SX-2021-CR-214.[8] Instead, the People simply re-stated Rule 8(a) in its motion that "the crimes charged in all three cases 'are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.'" (Motion 3.) "It is not the Court's job to research and construct legal arguments open to parties ... In order to develop a legal argument effectively, the facts at issue must be bolstered by relevant legal authority; a perfunctory and undeveloped assertion is inadequate." *V.I. Taxi Association v. West Indian Company, Limited*, 2016 V.I. LEXIS 170, *4 (Super. Ct. Oct. 18, 2016) (citing *Charles v. CBI Acquisitions, LLC*, 2016 V.I. LEXIS 62, *27 n. 66). The Court declines to make such argument on the People's behalf. *See Joseph v. Joseph*, 2015 V.I. LEXIS 43, *5 (V.I. Super. Ct. Apr. 23, 2015) ("[I]n general, the Court will not make a movant's arguments for him when he has failed to do so."). As such, the Court will deny the

---

[8] Under Rule 13, in cases where not "all defendants and offenses could properly have been joined in a single information," the Court may consolidate the informations for a joint trial only "with the consent of the persons charged." V.I. R. CRIM. P. 13. Here, based on Matthew's opposition, the Court concludes that Matthew did not consent to a joint trial for Case No. SX-2021-CR-075 and Case No. SX-2021-CR-214.

*People of the V.I. v. Cumberbatch*
*People of the V.I. v. Matthew*
*People of the V.I. v. Matthew*
SX-2021-CR-073, SX-2021-CR-075, SX-2021-CR-214
**Memorandum Opinion and Order**
Page 10 of 12

2023 VI SUPER 1

People's motion to consolidate as to the consolidation of Case No. SX-2021-CR-075 and Case No. SX-2021-CR-214 pursuant to Rule 8 and Rule 13. Case No. SX-2021-CR-075 will proceed to commence jury selection and trial on January 23, 2023 as scheduled.

**B. Joinder of Defendants or Joint Trial: Case No. SX-2021-CR-073 and Case No. SX-2021-CR-075 or Case No. SX-2021-CR-073 and Case No. SX-2021-CR-214**

¶ 14 With regards to the issue of joinder of defendants—Cumberbatch in Case No. SX-2021-CR-075 and Matthew in Case No. SX-2021-CR-075 or Case No. SX-2021-CR-214—and the issue of joint trial for Case No. SX-2021-CR-073 and Case No. SX-2021-CR-075 or Case No. SX-2021-CR-073 and Case No. SX-2021-CR-214, the Court finds the People's motion regarding these issues similarly perfunctory and made without any support to its arguments. The People never explained how Cumberbatch and Matthew "have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Additionally, the People never indicated that Cumberbatch and Matthew consented to a joint trial for Case No. SX-2021-CR-073 and Case No. SX-2021-CR-075 or Case No. SX-2021-CR-073 and Case No. SX-2021-CR-214.[9] Instead, the People simply stated that "[a]ll three cases will involve the same facts,

---

[9] Interestingly, Matthew's opposition never addressed the issue of joinder of defendants or issue of joint trial for Case No. SX-2021-CR-073 and Case No. SX-2021-CR-075 or Case No. SX-2021-CR-073 and Case No. SX-2021-CR-214; Matthew's opposition only addressed the consolidation of Case No. SX-2021-CR-075 and Case No. SX-2021-CR-214. Cumberbatch also has not addressed these issues since she never filed an opposition. However, "a 'motion is not automatically granted simply because it is unopposed.'" *Ayala v. Lockheed Martin Corp.*, 2017 V.I. LEXIS 39, at *19 (V.I. Super. Ct. Mar. 3, 2017) (quoting *In re Alumina Dust Claims*, 2017 V.I. LEXIS 2, at *26 (V.I. Super. Ct. Jan. 10, 2017). "In other words, even though a motion is unopposed, courts must still determine whether to grant it, especially when the decision is within the court's discretion." *Augustin V. Hess Oil V.I. Corp.*, 67 V.I. 488, 501, (Super. Ct. Aug. 23, 2017).

As noted above, under Rule 13, in cases where not "all defendants and offenses could properly have been joined in a single information," the Court may consolidate the informations for a joint trial only "with the consent of the persons charged." V.I. R. CRIM. P. 13. While it is true that neither Cumberbatch nor Matthew opposed the People's motion to consolidate as to the issue of joinder of defendants and the issue of joint trial, that, in and of itself, cannot constitute consent since their failure to oppose may be due to reasons other than consent. For example, Matthew's failure to

*People of the V.I. v. Cumberbatch*
*People of the V.I. v. Matthew*
*People of the V.I. v. Matthew*
SX-2021-CR-073, SX-2021-CR-075, SX-2021-CR-214
**Memorandum Opinion and Order**
Page 11 of 12

2023 VI SUPER 1

witnesses, and testimony." (Motion 3.) As noted above, "[i]t is not the Court's job to research and construct legal arguments open to parties … In order to develop a legal argument effectively, the facts at issue must be bolstered by relevant legal authority; a perfunctory and undeveloped assertion is inadequate." *V.I. Taxi Association*, 2016 V.I. LEXIS 170, *4 (citing *Charles*, 2016 V.I. LEXIS 62, *27 n. 66). Again, the Court declines to make such argument on the People's behalf. *See Joseph*, 2015 V.I. LEXIS 43, *5. As such, the Court will deny the People's motion to consolidate as to the consolidation of Case No. SX-2021-CR-073 and Case No. SX-2021-CR-075 pursuant to Rule 8 and Rule 13 and the Court will deny without prejudice the People's motion to consolidate as to the consolidation of Case No. SX-2021-CR-073 and Case No. SX-2021-CR-214 pursuant to Rule 8 and Rule 13 so that the People may re-file after Cumberbatch has been appointed a new counsel.[10] Jury selection and trial scheduled for January 23, 2023 for Case No. SX-2021-CR-073 will be continued to a later date to be set by a separate order.

## CONCLUSION

Based on the foregoing, it is hereby:

**ORDERED** that the People's motion to consolidate as to the consolidation of Case No. SX-2021-CR-075 and Case No. SX-2021-CR-214 is **DENIED**. It is further:

**ORDERED** that the People's motion to consolidate as to the consolidation of Case No. SX-2021-CR-073 and Case No. SX-2021-CR-075 is **DENIED**. It is further:

---

oppose may be due to oversight as a result of the People's perfunctory motion and Cumberbatch's failure to oppose may be due to the frequent changes of her counsel this past year. *See supra*, footnote 2.

[10] In the event that the People chooses to file another motion to consolidate Case No. SX-2021-CR-073 and Case No. SX-2021-CR-214, the People are reminded to support their motion by citing the proper legal authority and make all legal arguments.

*People of the V.I. v. Cumberbatch*
*People of the V.I. v. Matthew*
*People of the V.I. v. Matthew*
SX-2021-CR-073, SX-2021-CR-075, SX-2021-CR-214
**Memorandum Opinion and Order**
Page 12 of 12

**2023 VI SUPER 1**

**ORDERED** that the People's motion to consolidate as to the consolidation of Case No.

SX-2021-CR-073 and Case No. SX-2021-CR-214 is **DENIED WITHOUT PREJUDICE**. The

**IN-PERSON HEARING** scheduled for all three cases on January 13, 2023 shall proceed as

scheduled. **And** it is further:

**ORDERED** that jury selection and trial scheduled for January 23, 2023 for Case No. SX-

2021-CR-073 shall be **CONTINUED** to a later date to be set by a separate order.

**DONE and so ORDERED this** 3rd **day of January, 2023.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
     Court Clerk Supervisor II
Dated: _____1/3/2023_____

_____
HAROLD W.L. WILLOCKS
**Senior Sitting Judge of the Superior Court**

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**

January 03, 2023 03:01 PM
SX-2021-CR-00073
**TAMARA CHARLES**
**CLERK OF THE COURT**

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

**People of the Virgin Islands v. Ta'Jhanique Cumberbatch**

Case Number: **SX-2021-CR-00073**
Charges: **14 V.I.C. 922(a) - Murder 1st Degree**
**14 V.I.C. 922(a) - Murder 1st Degree**
**14 V.I.C. 295 - Assault First Degree**
**14 V.I.C. 297 - Assault Third Degree**
**14 V.I.C. 2253(a) - Possession Of An Unlicense Firearm**
**14 V.I.C. 2253(E) - Unauthorized Possession of a Firearm in a Vehicle**
**23 V.I.C. 479(a) - Illegal Discharge of a Firearms**
**14 V.I.C. 2256(a) - Possession Or Sale Of Ammunition**
**14 V.I.C. 551 - Conspiracy**

## NOTICE of ENTRY
### of
### <u>Memorandum Opinion and Order</u>

**To:**  Patricia Lynn Pryor, Esq.                    Scott A. Burton, Esq.

**Please take notice that on January 03, 2023**
**a(n)** _____ **Memorandum Opinion and Order** _____
**dated** **January 03, 2023** **was/were entered**
**by the Clerk in the above-titled matter.**

**Dated:**   **January 03, 2023**

**Tamara Charles**
**Clerk of the Court**

By:

**Janeen Maranda**
**Court Clerk II**